## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil No. 23-578** |
| | ) | **Judge Marilyn J. Horan/** |
| **v.** | ) | **Magistrate Judge Kezia O. L. Taylor** |
| | ) | |
| **LINDA ROSENBERG, ANTHONY** | ) | |
| **MOSCATO, C. JAMES FOX, LEO L.** | ) | |
| **DUNN, KHADIJA T. DIGGS, MARCUS** | ) | |
| **L. BROWN, THEODORE W. JOHNSON,** | ) | |
| **MARK KOCH, EVERETT GILLISON,** | ) | |
| **LESLIE GREY, MICHAEL** | ) | |
| **POETTIGER, CRAIG MCKAY,** | ) | |
| **EDWARD BURKE,** | ) | |
| **JOHN DOE,** *Parole Board Member*, and | ) | |
| **JOHN DOE,** *Parole Board Member*. | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION

This case has been referred to United States Magistrate Judge Kezia O. L. Taylor for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On March 15, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that the Defendants' Motion to Dismiss the Second Amended Complaint be denied. ECF No. 36. The parties were informed that written objections to the Report and Recommendation were due by March 29, 2024, for the electronically registered Defendants, and by April 1, 2024, for the non-electronically registered Plaintiff. Defendants filed timely written Objections. ECF No. 37. On April 19, 2024, Plaintiff filed a Response to the Objections. ECF No. 41. For the reasons that follow, after *de novo* review, the Court will reject the Magistrate Judge's Recommendation, grant Defendants' Motion to Dismiss, and dismiss this action.

I.      **Background**

Plaintiff is an inmate at the State Correctional Institute at Fayette.  In the late 1970's Plaintiff was convicted of first-degree murder and sentenced, at age 17, to a term of imprisonment for Life, without parole.  In 2012, the United States Supreme Court held that a mandatory Life sentence without parole for a juvenile offender is unconstitutional.  *Miller v. Alabama*, 567 U.S. 460 (2012).  In 2016, the Supreme Court concluded that "*Miller* announced a substantive rule of constitutional law" retroactive to offenders like Plaintiff.  *Montgomery v. Louisiana*, 577 U.S. 190, 208–09 (2016).

In preparation for re-sentencing, Plaintiff was represented by Susan Ricci from the Defender Association of Philadelphia.  Ms. Ricci employed an investigator to assist her.  During an interview with the investigator, Plaintiff explained the facts surrounding the murder for which had been convicted.  In significant part, Plaintiff stated that the victim (Johnson) argued with Plaintiff when Plaintiff wanted to back out of selling drugs for the "Black Mafia."  Johnson slapped Plaintiff, Plaintiff grabbed Johnson's gun, and shot Johnson.  Ms. Ricci presented a comprehensive report in support of Plaintiff's resentencing.  Upon resentencing, Plaintiff's Life sentence was reduced to 40 years to Life.

Plaintiff was denied parole after his first two parole hearings in 2018 and 2019.  These two hearings are relevant but are not the subject of the present claims.  Plaintiff's claims directly concern his third parole hearing, which took place on June 3, 2021.  Prior to any of Plaintiff's post-resentencing parole hearings, and relevant to allegations of retaliation, Plaintiff had filed a lawsuit against the Department of Corrections and its medical provider, alleging that the Defendants had failed to treat his Hepatitis C.

The panel for the June 3, 2021 parole hearing consisted of Defendant parole board member Linda Rosenberg, Defendant parole board member John Doe, and Defendant parole board hearing examiner John Doe.  At this hearing, Rosenberg asked Plaintiff to explain the facts surrounding Johnson's murder.  Plaintiff repeated the explanation he had previously provided to the defense investigator.  Rosenberg, however, retorted that the Parole Board had a report that Plaintiff's version is not true.  Rosenberg then stated that it was Plaintiff who shot Johnson because Johnson, not Plaintiff, wanted to back out of selling drugs.  Rosenberg also asked Plaintiff about his civil lawsuits and reminded him to provide status updates of his lawsuits at the next parole hearing.  Following the hearing, all named Probation Board members agreed that Plaintiff was not being truthful regarding the facts of the death of the victim and denied parole.

In August 2021, Plaintiff asked Ms. Ricci and the defense investigator, if, as stated by Defendant Rosenberg, there is a report contradicting plaintiff's account.  Although neither defense counsel or the investigator provided a response to Plaintiff's question about the existence of the report, Plaintiff alleges, without explanation, that "further investigation" revealed that there was no report.  He therefore alleges that the report mentioned at his parole hearing was fabricated.  In sum, Plaintiff claims are based on the allegation that he was denied parole, based on a false report, in retaliation for exercising his constitutional right to access courts and to file lawsuits.[1]

---

[1] For purposes of their Motion to Dismiss, Defendants submit that Plaintiff's Second Amended Complaint contains allegations that do not relate to any of the Defendant Parole Board members and that such allegations are not relevant to the arguments put forward by Defendants.  Specifically, Defendants refer to allegations concerning Plaintiff's underlying conviction, his physical and mental health, prison conditions at SCI-Fayette, and actions by unnamed prison employees, as allegations not directed at Defendants.  The Court agrees that many of Plaintiff's allegations, accepted as true for purposes of the present Motion to Dismiss, provide background and context for Plaintiff's claims.  The relevant allegations asserted against Defendants, for purposes of their Motion to Dismiss, concern the manner in which Plaintiff was reviewed for, and denied, parole.

## II.      Objections

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."   28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Here, Defendants object to the Magistrate Judge's denial of their Motion to Dismiss. Specifically, Defendants object to the Magistrate Judge's rejection of two of their arguments: (1) that Plaintiff's claims are barred by *Heck v Humphrey*, 512 U.S. 477 (1994), and (2) that Plaintiff's claims must be dismissed because Defendants are protected by absolute immunity.

## III.      *Heck* Bar

Defendants contend that the Magistrate Judge erred in rejecting their argument that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under the Supreme Court's holding in *Heck*, if a favorable judgment on an inmate's § 1983 damages claim would "necessarily imply the invalidity" of the plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  512 U.S. at 486–87.[2]  In addition to barring claims that affect an inmate's sentence or conviction, the Supreme Court has also applied the *Heck* bar to an inmate's challenge to the fact or duration of his confinement.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973), *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  Relevant to claims involving parole board

---

[2] The Supreme Court in *Heck* explained that "invalidity" of a conviction or sentence may be shown by proof of a reversal on direct appeal, expungement by executive order, a declaration of invalidity by a state tribunal authorized to make such determination, or a federal court calling into question the validity of a conviction or sentence by issuing a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 486-87 (1994).

decisions impacting an inmate's fact or duration of confinement, the United States Court of Appeals for the Third Circuit has held "that *Heck* bars a prisoner's claim that state officials violated his constitutional rights by deciding that he was ineligible for parole unless and until that decision has been invalidated by an appropriate tribunal." *Brown v. Williams*, 644 F. App'x 117, 120 (3d Cir. 2016) (citing *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006)).

The Magistrate Judge concluded that the *Heck* bar did not apply in this case because Plaintiff is not seeking to overturn the Parole Board's denial of his parole. She explains that Plaintiff is only seeking damages for a parole denial that was allegedly based upon constitutionally impermissible reasons. Finally, the Magistrate Judge concluded that success on Plaintiff's claims would not demonstrate the invalidity of Plaintiff's conviction or his sentence, and success on his claims would not result in his earlier release from custody. In his Response to Defendants' Objections, Plaintiff supports the Magistrate Judge's position by explicitly asserting that he is not seeking an earlier parole date and he is not challenging the parole board's calculation of his eligibility date. He also compares his present challenge to a lawfully raised challenge to a state's parole procedures.

Under the circumstances of this case, it does not matter if success on Plaintiff's claims will not demonstrate the invalidity of his *conviction* or his *sentence*, or that success would not result in Plaintiff's earlier release from custody. Nor does it matter that Plaintiff seeks money damages and is not seeking reversal of the parole denial. As explained by the Supreme Court, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson*, 544 U.S. at 81–82

(emphasis in original). Applying a *Heck* analysis, the pertinent question is, "whether [Plaintiff's] success on his § 1983 action would 'necessarily demonstrate' the invalidity of the Parole Board's decision to [deny] parole, which would in turn render his § 1983 action uncognizable under *Heck*." *Williams*, 453 F.3d at 177. The answer to the question is "yes," success on Plaintiff's claims necessarily demonstrates that the decision to deny him parole is invalid and imply that he should have been granted parole at an earlier date, if not immediately. Accordingly, Plaintiff's claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence [or adverse parole decision] has already been invalidated." *Heck*, 512 U.S. at 486–87. He has not demonstrated the invalidly of the parole board's decisions, therefore, Plaintiff's claims must be dismissed as barred by *Heck*.

With respect to Plaintiff's assertion that his claim is akin to a lawful challenge to a states' parole procedures, the relevant paragraphs of the Second Amended Complaint state as follows:

> 85. The Pennsylvania Parole Board operations and the treatment discussed herein are direct results/consequences of policies, practices, customs and procedures which have been authorized and acquiesced in by each Defendant/policymaker.
> . . .
> 87. The policies and practi[c]es that permitted the parole board to operate in this manner for so long created a risk of harm that was so great and so obvious that the risk and the failure of an appropriate response was reckless disregard for the safety of Plaintiff/his constitutional rights.
>
> 88. Each Defendant, at all times, was aware of the constitutional violations via Plaintiff's parole interview preparation, but ignored that the report was fabricated by its own board members/acquiesced with the reckless decision to introduce the fabricated report.

ECF No. 27, at ¶¶ 85. 87-88. To the extent that Plaintiff can be said to be asserting claims challenging the state or prison's parole procedures, the *Heck* decision still applies to bar Plaintiff's claims in a section 1983 civil suit. Plaintiff's claims are based on the allegations that Defendants fabricated a false report and then all Defendants acquiesced in the false report in

reaching the decision to deny parole.  One problem with Plaintiff's argument is that it is not clear what specific policy or procedure he is challenging.

Plaintiff's claims are still subject to the *Heck* bar because success on his claims would necessarily imply the invalidity of the parole denial.  The Supreme Court has considered whether an inmate may bring a § 1983 action challenging state parole procedures.  *Edwards v. Balisok*, 520 U.S. 641 (1997).  The inmate sought three types of relief.  *Id.* at 643.  First, he sought declaratory relief, in the form of a declaration that state procedures violated due process by depriving him of good time credits.  *Id.*  Second, he sought damages.  *Id.*  Finally, he sought an injunction to prevent future violations.  *Id.*  The Supreme Court applied *Heck*, and found that the "procedural defect complained of by [the inmate] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits."  *Id.* at 646.  Therefore, the Court concluded, "that [the inmate's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."  *Id.* at 648.  The same result is applicable in the present case.  Plaintiff's central complaint is deceit and bias in the fabrication of a report, and then subsequent reliance upon said false report to deny parole.  As stated above, if Plaintiff's claims are successful, such would necessarily imply the invalidity of the parole denial.  The Court finds that Plaintiffs' claims, as asserted or read as challenges to parole procedures, are barred by *Heck*.[3]  Defendants' Objection to the Report and Recommendation is sustained.

---

[3] The United States Court of Appeals for the Fifth Circuit addressed a similar issue in *Collins v. Dallas Leadership Found*, 77 F.4th 327 (5th Cir. 2023).  As in this case, the plaintiff in *Collins* stated that he was challenging parole procedures, but the Court concluded that he was not.  *Id.* at 330.  The Court explained that the plaintiff asserted a wrongful parole denial claim based upon allegations that two of the defendants inserted inaccurate parole documents into plaintiff's review.  *Id.* at 330-31.  The Court held that "[g]ranting such relief would necessarily imply the invalidity of [plaintiff's] confinement after [his] [parole] hearing for reaching the wrong determination."  *Id.* at 331.

### IV.     Absolute Immunity

Next, Defendants argue that the Magistrate Judge erred in rejecting their argument that

Defendants are entitled to absolute immunity.  In this circuit, a probation or parole officer is

entitled to absolute immunity when engaged in adjudicatory acts.  *Wilson v. Rackmill*, 878 F.2d

772, 775 (3d Cir. 1989).  Adjudicatory acts are those "functions integral to the judicial process."

*Williams*, 453 F.3d 173, 178 (3d Cir. 2006).  "Examples of adjudicatory acts are a parole board

member or parole or probation officer who '(1) hears evidence; (2) makes recommendations as

to whether to parole a prisoner; or (3) makes decisions as to whether to grant, revoke or deny

parole.'"  *Sample v. Johnson*, No. CV 2:21-1301, 2023 WL 2649458, at *4 (W.D. Pa. Mar. 27,

2023) (quoting *Breslin v. Brainard*, No. 01-CA-7269, 2002 WL 31513425, at *7 n. 10 (E.D. Pa.

Nov. 1, 2002)).  "However, parole officers are not entitled to absolute immunity for acts taken in

their executive, administrative, or ministerial capacities."  *Mayon v. Capozza*, No. 14-CV-1203,

2016 WL 704707, at *4 (W.D. Pa. Feb. 23, 2016) (citing *Wilson*, 878 F.2d at 775-76).  Thus, to

the extent an inmate seeks to state a claim against any Defendant in their capacity as a

Pennsylvania Board of Probation and Parole employee engaging in an adjudicatory act, such as

rescinding parole, denying parole, hearing evidence, or making parole recommendations, such

claims would be subject to absolute immunity.

Plaintiff's claims against Defendant Parole Board members challenge their decision to

deny parole.  Plaintiff alleges that Defendants denied parole to Plaintiff for constitutionally

impermissible reasons.  He bases his claims on allegations that (i) Defendants fabricated a report,

(ii) Defendants acquiesced in the false report, and (iii) Defendants denied parole based upon the

false report.  Any claim asserted against a Parole Board member, premised upon the above allegations, implicates adjudicatory functions for which absolute immunity applies.  Even if Plaintiff was denied parole, based upon a fabricated and false report in retaliation for filing a lawsuit against the Department of Corrections and its' medical entities, the parole board member's parole review process to reach their parole decision is an adjudicatory function; and, is therefore protected by absolute immunity.  Defendants' Objection to the Report and Recommendation is sustained.

### V.     Leave to Amend

When dismissing a civil rights case for failure to state a claim, a court must give a plaintiff the opportunity to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile."  *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Here, any amendment would be futile because, for the reasons discussed above, Plaintiff's claims against Defendants are barred by *Heck's* favorable termination rule and, additionally, Defendants are entitled to absolute immunity.

### VI.     Conclusion

Defendants' Objections are sustained.  The Court rejects the Recommendation to deny Defendants' Motion to Dismiss.  Accordingly, the following Order is hereby entered.

**ORDER**

AND NOW, this 6th day of May 2024, for the reasons set forth in the accompanying

Opinion, it is hereby ORDERED that Defendants' Objections, ECF No. 37, to the Magistrate

Judge's Report and Recommendation, ECF No. 36, are SUSTAINED.  Defendants' Motion to

Dismiss, ECF No. 29, is GRANTED, and Plaintiff's Second Amended Complaint is

DISMISSED without leave to amend.

The Clerk of Court is to mark this case closed.


　　s/*Marilyn J. Horan*_____
Marilyn J. Horan
United States District Court Judge

Kevin Davis, pro se
QQ-0944
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050